Handy, Appellant, *v.* Handy.

Argued April 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*J. Harry Pershing,* with him *Adam B. Shaffer,* for appellant.

*C. Joseph Recht,* for appellee.

OPINION BY RENO, J., July 23, 1948:

In this divorce action the wife charged indignities and cruelty, and testified that respondent had beat and cursed her, drew a knife and threatened to kill her, demanded unnatural sexual relations, and failed to support her adequately. Her testimony, standing alone, would have been sufficient to support a decree in her favor.

Respondent vigorously denied the allegations, professed continuing love for her, and laid their domestic difficulties upon his wife's infatuation for one Walter

Brown. The learned trial judge, who heard the case without a jury, in an opinion which carefully reviewed the testimony, reported the conclusion: "From the evidence taken in its entirety, it is apparent that the libellant was not an injured and innocent spouse. The Court believes the testimony of the respondent that the basic cause of difference between the parties is the infatuation which exists between the libellant and Walter Brown." The libel was dismissed.

The trial judge saw and heard the witnesses, and her judgment upon their credibility is entitled to the highest consideration in an appellate court. *Bobst v. Bobst,* 357 Pa. 441, 54 A. 2d 898. And, although the issue here presented is primarily concerned with credibility, we have thoroughly studied the testimony, and our independent judgment has brought us to the conclusion that the decree was properly refused.

The parties were married in 1941. The divorce action was begun in 1944, when apparently she left the common domicile for a short period while working in Pitcairn. Later, cohabitation was resumed, and they finally separated in 1946. Walter Brown and libellant had been friends before her marriage, and, after her marriage, while serving a term in the penitentiary at Bellefonte he corresponded with her. Respondent did not learn of the relations between Walter Brown and libellant until he was served with the divorce subpoena in 1944 when she told him: "Walter has been writing to me to get a divorce and marrying him when he gets out. . . ." When he remonstrated, and reminded her of his good conduct as a husband, she said: "No, George [respondent] you are good to me. . . . I am going to forget about a divorce." Nevertheless, her interest in Brown persisted, and later she proceeded with the divorce action which she stated she intended to abandon. The court below discerningly analyzed the situation, and we agree that libellant is neither an innocent nor an injured spouse.

Decree affirmed.